UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF SHAHNAZ KHAVIDI, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | PLAINTIFF DEMANDS |
| UNIVERSITY OF ILLINOIS AT CHICAGO | ) | TRIAL BY JURY |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Estate of Shahnaz Khavidi, by the undersigned attorneys, complains as follows against Defendant, University of Illinois, Chicago:

## PARTIES

1. Plaintiff, Estate of Shahnaz Khavidi ("Dr. Khavidi"), was a resident of the Northern District of Illinois, was a licensed doctor of naturopathy by the State of Illinois, a nurse practitioner, and an educator, and had continuous employment with Defendant University of Illinois at Chicago ("University") from December 2004, through May 2009.

2. Defendant University of Illinois at Chicago, College of Nursing is an Illinois state public university, located in the County of Cook, State of Illinois.

## JURISDICTION AND VENUE

3. This is an action for damages seeking to enforce rights secured by the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601. Jurisdiction is conferred upon this Court by 28 U.S.C.S. §§1331, 1343.

4. Venue is proper within this District and division pursuant to 28 U.S.C.§1391, in that the Plaintiff resided, and Defendant resides, has offices and does business in the Northern

District of Illinois, Eastern Division, in Cook County, Illinois; and the cause of action arose here.

## FACTS

1. In December 2004, Dr. Khavidi began working as a part-time, 60% faculty clinical instructor for UIC.

2. In the fall of 2007, she taught NUSC 310, Complementary and Alternative Medicine (CAM), a two hour dual on-line/classroom course, an elective to complete the BSN program. This course was in high demand.

3. In addition to being the course coordinator, Dr. Khavidi was the sole faculty member for the course.

4. Based upon the strong reviews from student and faculty course evaluations, the class was selected to be a part of UIC's Global Campus on-line program.

5. In the fall of 2007, Dr. Khavidi was asked to build the NUSC 310 (CAM) on-line course using a program called Desire to Learn, a new and complicated computer program.

6. Dr. Khavidi again taught the NUSC 310 (CAM) course in July and August, 2008, this time for the Global Campus.

7. Dr. Khavidi also designed another online course, NUSC 375 (GAH), for the spring semester. This course was a Geriatrics, Older Adult Health course, and was the only one of its kind in the UIC undergraduate program.

8. During the spring 2008 semester, there was a total of 91 students enrolled in the class. Dr. Khavidi was the course coordinator as well as the only faculty member for the course.

9. In addition, she developed and taught the Older Adults portion of NUSC 424, Integrated Health Care (IHC), a dual on-line/classroom course, for 10 weeks during the summer

session.

10. Dr. Khavidi was the only faculty member in her department developing a computer course, in addition to her classroom assignment, actively participating in the Social Committee, and attending department and College of Nursing meetings.

11. Dr. Khavidi was also enrolled in a Global Campus computer course to further develop her on-line teaching skills. The class lasted 8 weeks and was very difficult and time-consuming.

12. Dr. Khavidi regularly worked until 1:00 and 2:00 a.m. to keep up with the class, to stay on top of her regular class, and other departmental duties.

13. At all relevant times, Dr. Khavidi continued to perform her job satisfactorily.

14. The NUSC 310 (CAM) class continued to be successful. Students were looking forward to taking the class the next semester. Several students wrote in, requesting information about the class, and seeking enrollment.

15. During her time at UIC, Dr. Khavidi was well-regarded among students and staff.

16. In May 2008, Dr. Khavidi developed mild left knee and ankle pain. By July, she had developed severe pain in her left knee, with an obvious varicose vein.

17. During the summer of 2008, Dr. Khavidi continued to teach NUSC 310 (CAM) for the Global Campus, in addition to teaching NUSC 424, Integrated Health Care (IHC).

18. In September 2008, Dr. Khavidi sought to take medical leave because she felt very ill, with increased pain in her left side, and high blood sugar.

19. On or about September 10, 2008, Dr. Julie Zerwick, the College of Nursing Department Head, told Dr. Khavidi she was ineligible for FMLA leave because she had not met the requisite 1250 hours in order to qualify.

20. UIC claimed that she was ineligible for FMLA leave because the 1250-hour requirement was "equivalent to a 64% appointment" and Dr. Khavidi had a 60% appointment. This was incorrect. Dr. Khavidi had worked well in excess of 1,690 hours with UIC the year before her request for FMLA leave.

21. Dr. Khavidi took paid sick leave until November 18, 2008.

22. In November 2008, Dr. Khavidi called Dr. Zerwic regarding her return.

23. In violation of the FMLA, Dr. Zerwic told Dr. Khavidi that she did not have a job, but there were a few faculty members who were retiring, so Dr. Khavidi should clean their offices for them.

24. As a result, Dr. Khavidi took unpaid sick leave from approximately November 18, 2008, through May 15, 2009.

25. Had Dr. Khavidi's employment continued with UIC, her retirement would have vested in April 2009.

26. Dr. Zerwic also told Dr. Khavidi she had hired a new Geriatric faculty member for the Spring 2009 semester, to fill a position for which Dr. Khavidi was qualified, and requested that Dr. Khavidi get her oriented to the job.

27. On or about April 28, 2009, Dr. Zerwic sent Dr. Khavidi a letter dated May 1, 2009, indicating that she would not be renewing Dr. Khavidi's contract for the 2009-2010 school year, based on purported budget cuts.

28. Dr. Khavidi was replaced by another faculty member.

## COUNT I
## Violation of the Family and Medical Leave Act (29 U.S.C.S2601 *et seq.*)

1-21. Plaintiff restates and realleges paragraphs 1-28 as though fully set forth herein.

29. Plaintiff worked approximately 1,690 hours in the twelve months prior to her request for

4

FMLA leave.

30. At all relevant times, Plaintiff had a serious medical condition, as defined by the Family and Medical Leave Act, specifically, Plaintiff Dr. Khavidi was undergoing serious medical treatment for knee and ankle pain, restricting her ability to walk.

31. Plaintiff gave Defendants appropriate notice of her need to be absent for work, having informed Dr. Zerwic in September 2008, of her need to take FMLA leave.

32. Defendants interfered with Dr. Khavidi's right to take leave when they terminated her employment.

**Wherefore**, Plaintiff respectfully requests that this Honorable Court enter the following order:

    A.    Awarding back pay to Plaintiff;

    B.    Reasonable attorneys' fees and costs of suit; and

    C.    All other relief this Court deems equitable.

DATED: September 10, 2010

    Respectfully submitted,

    By: /s/ Elaine K.B. Siegel
    One of Plaintiff's Attorneys

OF COUNSEL:
Elaine K.B. Siegel
ELAINE K. B. Siegel & ASSOCIATES, P.C.
39 South LaSalle Street, Suite 617
Chicago, Illinois 60603
(312) 236-8088